| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**WASSERMAN, JURISTA & STOLZ, P.C.**<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ  07920<br>Phone: (973) 467-2700<br>Fax: (973) 467-8126<br>*Counsel for SITO Mobile Solutions, Inc., SITO Mobile, Ltd., and SITO Mobile R&D IP, LLC*<br>**DANIEL M. STOLZ**<br>**DONALD W. CLARKE** | |
| In Re:<br><br>**SITO MOBILE SOLUTIONS, INC.,**<br><br>Debtor. | Case No.: 20-21436<br><br>Judge:  Honorable Stacey L. Meisel<br><br>Chapter: 11 |
| In Re:<br><br>**SITO MOBILE, LTD.,**<br><br>Debtor. | Case No.:  20-21435<br><br>Judge:  Honorable Stacey L. Meisel<br><br>Chapter: 11 |
| In Re:<br><br>**SITO MOBILE R&D IP, LLC.,**<br><br>Debtor. | Case No.: 20-21437<br><br>Judge:  Honorable Stacey L. Meisel<br><br>Chapter: 11 |

**APPLICATION IN SUPPORT OF DEBTORS' JOINT MOTION FOR AN ORDER**
**<u>AUTHORIZING PAYMENTS TO CRITICAL VENDORS</u>**

TO:   HONORABLE STACEY L. MEISEL
      UNITED STATES BANKRUPTCY JUDGE

SITO Mobile Solutions, Inc., ("SITO Solutions"), SITO Mobile, Ltd. ("SITO Limited"), and SITO Mobile R&D IP, LLC. ("SITO R&D") the debtors and debtors-in-possession (collectively, the "Debtors"), in the above captioned chapter 11 cases (the "Cases") hereby move

before this Court for an order authorizing but not directing payments to critical vendors (the "Motion"):

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND

3. On October 8, 2020, the Debtors each filed a voluntary chapter 11 petitions (the "Petition Date") for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

4. A detailed description of the background of the Debtors, their operations, and the events leading up to the filing of these cases is provided in the Certification of Thomas Candelaria filed in support of the Debtors' First Day Motions (the "Candelaria Certification"), which is incorporated by reference herein.

5. The Debtors continue to manage and operate their businesses, and have each been certified, as Debtors-in-Possession under Bankruptcy Code sections 1107 and 1108.

### *The Critical Vendors*

6. Attached to the Motion is a schedule of vendors the Debtors deem critical (the "Critical Vendors"). **Exhibit "A."**

7. For each Critical Vendor, the Debtors list the proposed treatment (the "Critical Payments") and an explanation of the nature of the Critical Vendor services (the "Critical Services") and reasons such vendors are deems "critical."

**REQUESTED RELIEF**

8.      The Debtors request an order from this Court authorizing but not directing the Critical Payments.

**BASIS FOR GRANTING RELIEF REQUESTED**

*Payment of Prepetition Claims*

9.      The authorization of post-petition payments on pre-petition debt is generally permitted under 11 U.S.C. §§ 105 and 363, depending upon the jurisdiction. In re Lehigh & New England &. Co., 657 F.2d 570, 581 (3d Cir. 1981) (quoting In re Penn Central Transp. Co., 467 F.2d 100, 102, n.1 (3d Cir. 1972) (the "necessity of payment" doctrine [pursuant to § 105] permits immediate payment of claims to creditors who will not supply services or material essential to the debtor's business until their pre-petition claims are paid); Official Comm. of Unsecured Creditors of Motor Coach Indus. Int'l v. Motor Coach Indus. Int'l (In re Motor Coach Indus. Int'l), 2009 U.S. Dist. LEXIS 10024, 7, 2009 WL 330993 (D. Del. Feb. 10, 2009) (citing In re Lehigh & New England & Co.); J.M. Blanco, Inc. v. PMC Mktg. Corp., 2009 U.S. Dist. LEXIS 119063, 4-5, 2009 WL 5184458 (D.P.R. Dec. 22, 2009). See also In re Berry Good, LLC, 400 B.R. 741, 746-747, 2008 Bankr. LEXIS 3582, 50 Bankr. Ct. Dec. 262 (Bankr. D. Ariz. 2008) (calling the post-petition payment of pre-petition debts, the "doctrine of necessity" or "critical vendor" theory; most circuit courts have held that the bankruptcy court does not have general equitable power under § 105(a) to overrule the Code's priority scheme by favoring one class of unsecured creditors over another, but references 363 as a possibility - just not under the circumstances of that case due to the lack of an appropriate record) (citing In re B & W Enterprises, Inc., 713 F.2d 534, 535, 1983 U.S. App. LEXIS 24704, Bankr. L. Rep. (CCH) P69,397, 9 Collier Bankr. Cas. 2d (MB) 302, 11 Bankr. Ct. Dec. 141 (9th Cir. Idaho 1983); In re

KMart Corp., 359 F.3d 866, 871 (7th Cir. 2004); In re Oxford Mgmt. Inc., 4 F.3d 1329, 1333-34 (5th Cir. 1993); Official Committee of Equity Security Holders v. Mabey, 832 F.2d 299 (4th Cir. 1987)).

10. Courts that would allow such payments, under 105(a) or under 363, demand a stringent evidentiary test showing that the payment of the pre-petition claim is "critical to the debtor's reorganization." In re Just For Feet, Inc., 242 B.R. 821, 826 (D. Del. 1999). For example, in KMart, the Seventh Circuit opinion discussed a requirement, for any critical vendor order, that there be evidence of a "prospect of benefit to the other [noncritical, disfavored] creditors." KMart, 359 F.3d at 874. One Bankruptcy Court authorized critical vendor payments where the vendors were unique and it would take the debtor four to six weeks to replace them. See In re Tropical Sportswear Int'l Corp., 320 B.R. 15 (Bankr. M.D. Fla. 2005). Texas bankruptcy courts apply a three-part test: First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim. In re CoServ, L.L.C., 273 B.R. 487, 498 (Bankr. N.D. Tex. 2002).

11. Courts applying the "Doctrine of Necessity", such as those in the Third Circuit, have been limited to general standards like "essential to the continued operation of the debtor," see In re Just for Feet, 242 B.R. at 825.; "facilitation of rehabilitation," In re Ionosphere Clubs, 98 B.R. 174, 175, 1989 Bankr. LEXIS 490, Bankr. L. Rep. (CCH) P72, 706, 19 Bankr. Ct. Dec. 149, 112 Lab. Cas. (CCH) P11, 293 (Bankr. S.D.N.Y. 1989); or "critical to

reorganization." In re Financial News Network, Inc., 134 B.R. 732, 734, 1991 Bankr. LEXIS 1869, 26 Collier Bankr. Cas. 2d (MB) 788 (Bankr. S.D.N.Y. 1991).

12. One recent "Doctrine of Necessity" case was not so general. In re Movie Gallery, Inc., 2010 Bankr. LEXIS 5819, 4-5 (Bankr. E.D. Va. Mar. 23, 2010) (pursuant to the doctrine of necessity, first, the Debtors must show that they cannot obtain essential goods without the payment of a pre-petition unsecured claim, and the vendor being paid is necessary for the successful reorganization of the Debtors; second, the remedy must be crafted to the circumstances of the case and be complete relief, in that there is an obligation on the part of the critical vendor to provide future goods to the Debtors which obligation is not terminable at will; and third, the favorable treatment of the critical vendor must not prejudice other estate creditors).

13. If the Debtors are unable to pay the Critical Payments, they will lose the Critical Services and will not be able to complete their work in process. The Debtors maintain it would be impossible to replace the Critical Services without incurring significant costs in time and money. As a result, the Debtors will be severely hindered in their attempt to reorganize.

14. Based upon the foregoing, the Debtors respectfully request the Court issue the attached proposed order authorizing but not directing the Debtor to make the Critical Payments.

**WHEREFORE**, the Debtors respectfully request the entry of the attached proposed order, together with such other and further relief as is just and equitable.

**WASSERMAN, JURISTA & STOLZ, P.C.**
*Counsel for Debtors*

Dated: November 9, 2020

_____
**DONALD W. CLARKE**