| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**WASSERMAN, JURISTA & STOLZ, P.C.**<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ  07920<br>Phone: (973) 467-2700<br>Fax: (973) 467-8126<br>*Counsel for SITO Mobile Solutions, Inc., SITO*<br>*Mobile, Ltd., and SITO Mobile R&D IP, LLC.*<br>**DANIEL M. STOLZ**<br>**DONALD W. CLARKE** | |
| In Re:<br><br>**SITO MOBILE SOLUTIONS, INC.,**<br><br>                Debtor. | Case No.:  20-21436<br><br>Judge: Honorable Stacey L. Meisel<br><br>Chapter: 11 |
| In Re:<br><br>**SITO MOBILE, LTD.,**<br><br>                Debtor. | Case No.:  20-21435<br><br>Judge: Honorable Stacey L. Meisel<br><br>Chapter: 11 |
| In Re:<br><br>**SITO MOBILE R&D IP, LLC.,**<br><br>                Debtor. | Case No.:  20-21437<br><br>Judge: Honorable Stacey L. Meisel<br><br>Chapter: 11 |

**DEBTORS' MOTION FOR AUTHORITY TO OBTAIN POST-PETITION FINANCING
AND GRANT SENIOR LIEN PURSUANT TO
11 U.S.C. §§ 105 and 364(c) AND FED. R. BANKR. PROC. 4001**

TO:   **THE HONORABLE STACEY L. MEISEL,**
        **UNITED STATES BANKRUPTCY JUDGE:**

      SITO Mobile Solutions, Inc., ("SITO Solutions"), SITO Mobile, Ltd. ("SITO Limited"),

and SITO Mobile R&D IP, LLC. ("SITO R&D") the debtors and debtors-in-possession

(collectively, the "Debtors"), in the above captioned chapter 11 cases (the "Cases"), respectfully represent:

## Introduction

The Debtors, by and through counsel, hereby file this Motion for Authority to Obtain Post-petition Financing and Grant Lien Pursuant to 11 U.S.C. Sections 364(c)(2) and F.R.B.P. 4001 (the "Motion"), and in so doing respectfully requests that this Court enter an order, *inter alia*:

(A)    Authorizing the Debtors to borrow on a secured basis from Gavin Scotti, Steven Baksa, and Hiroaki Aoyama (the **"DIP Lenders"**)[1], in the principal amount of $300,000.00 (the **"First DIP Loan Tranche"; all tranches, the "DIP Loan"**), substantially in accordance with the terms of this Motion and the Promissory Note and Security Agreement annexed hereto as **Exhibit "A"** (the **"DIP Loan Agreement"**);

(B)    Authorizing the Debtors to execute agreements in favor of the DIP Lenders, which shall be consistent with the provisions of this Motion and the DIP Loan Agreement annexed hereto as *Exhibit "A"* (the **"DIP Loan Documents"**), and such other documents, instruments and agreements and perform all such other acts as may be required in connection with the DIP Loan Documents;

(C)    Modifying and, to the extent necessary, lifting the automatic stay imposed by Section 362 of the Bankruptcy Code to the extent necessary to permit the DIP Lenders and the Debtors to implement the terms of this Motion;

(D)    Granting the Debtors such other and further relief as the Court deems necessary, appropriate, equitable, proper, and consistent with the terms of this Motion.

2

## Jurisdiction

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein include Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**).

2.      Filed contemporaneously herewith is a *Certification of Thomas Candelaria in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "Candelaria Certification").

3.      The Candelaria Certification details the significant headwinds faced by the Debtors as it continues its revised business strategy assisting customers with targeted media ad campaigns, including the inability to substantiate the effectiveness of a campaign due to restrictions on foot traffic in brick and mortar locations resulting from the COVID-19 pandemic, as well as the substantial prepetition vendor debt from prior business models and the Aviron Ponzi scheme fraud.

4.      The Debtors have since exhausted its PPP loans and requires immediate availability of cash to continue its operations and pay its employees.

5.      The DIP Loan Agreement attached hereto and the First DIP Loan Tranche contemplated by this Motion are necessary and appropriate for the reasons stated within, including for the purposes detailed in the within 13 week budget, attached as **Exhibit "B."** [2]

---

[1] Steven Baksa and Gavin Scotti are also on SITO Limited's Board of Directors.
[2] Including up to a 15% variance per line item.

3

## DIP Lenders and the Terms of the DIP Financing

6.      The DIP Lenders are also within the 20 largest prepetition general unsecured creditors. The DIP Lenders are very familiar with the Debtors' history and operations.

7.      The Debtors have considered alternative funding sources. However, none offer terms as favorable as the DIP Lenders. For example, normal commercial sources often charge distressed entities significant interest, require onerous oversight, and charge large fees up front.

8.      The DIP Lenders have agreed to and have authorized the First DIP Loan Tranche in the principal amount of $300,000.00. The Debtor anticipates securing future and additional tranches as the needs arise. Future tranches will be on notice to the Notice Parties and authorized by a subsequent DIP Financing Orders.

9.      The principal features of the DIP Financing, as set forth in the DIP Loan Agreement annexed as an Exhibit hereto, are as follows:

    (a)    **Amount of the DIP Loan**.  The First DIP Loan Tranche will be in the principal amount of $300,000.00.  The Debtors anticipate using the same DIP Loan Agreement to secure additional tranches in the future, upon notice to the Notice Parties (as defined herein).

    (b)    **Terms**. The DIP Loan will be a term loan, and shall mature upon the earlier of: (i) one (1) year from the date hereof, and (ii) the confirmation of a Chapter 11 plan for any one of the Borrowers (the "Maturity Date").

    (c)    **Interest**.  The interest rate for the term of the loan shall be six (6%) percent per annum (hereinafter sometimes referred to as the "Interest Rate").

    (d)    **Security and Priority**:  A first priority security interest on all property of the Debtors' estates, to secure the DIP Loan which the DIP Lenders shall record and file along with any other documents necessary to perfect the security interest(s).

(e)    **Maturity Date**.  The loan shall mature on the Maturity Date, defined as the earlier of: (i) one (1) year from the date hereof, and (ii) the confirmation of a Chapter 11 plan for any one of the Borrowers.

(f)    **Conditions Precedent to Lending**.  The DIP Lenders have agreed to the form and substance of the DIP Loan Agreement attached hereto. The only condition precedent to lending is this Court's approval of the Motion.

(g)    **Closing**. The closing (the **"Closing"**) of the DIP Facility shall occur promptly upon the entry of the order of the Court granting this Motion (the **"DIP Financing Order").**  At the Closing, the Debtor will execute and deliver the DIP Loan Documents satisfactory to the DIP Lender.

(h)    **Costs and Expenses**.   There are no costs or expenses associated with the DIP Loan except for those born by the Debtors processing this Motion.

(i)    **Collateral**.   The collateral for the DIP Financing is described in Section 8 of the DIP Loan Agreement, and shall include all now existing and hereafter acquired real and personal property of each of the Debtors' estates, wherever located, of any kind, nature or description, including any such property in which a lien is granted to the DIP Lenders pursuant to the Financing Orders or any other order entered or issued by the Bankruptcy Court (the "Collateral").

10.    The description of the terms of the DIP Financing Agreement contained above in this Motion is intended as a summary only and is qualified in its entirety by reference to the DIP Loan Agreement (*Exhibit A*) itself, and **to the extent there is any inconsistency between the language of the DIP Loan Agreement and the description thereof set forth in this Motion, the DIP Loan Agreement shall control any such inconsistency**. Each creditor of the Debtor and party in interest should read, consider and carefully analyze the terms and provisions of the annexed DIP Loan Agreement.

## Relief Requested and Grounds for Relief

11.    The Debtors hereby request authority, pursuant to Section 364(c)(1), (c)(2) and (d)(1) of the Bankruptcy Code and Bankruptcy Rules 4001, to obtain post-petition financing,

from the DIP Lender.  As stated above, the DIP Financing will be secured by a security interest in and lien on the Collateral as described above which will be senior to any existing prepetition and post-petition liens.  The DIP Lenders shall not be granted a lien on any claim or cause of action arising under Sections 544, 545, 547,548, 549, or 553(b) of the Bankruptcy Code.

12.    The Debtors believe that the financing described herein is in its best interest and the best interest of its creditors.  The financing provided herein will allow the Debtors to maximize their ability to continue their businesses without interruption, including satisfying its immediate payroll obligations.

13.    The Debtors are presently unable to obtain, in the ordinary course of business or otherwise:

  (a)    pursuant to Section 364(a) or 364(b) of the Bankruptcy Code, unsecured credit (including, without limitation, unsecured trade credit) allowable under Section 503(b)(l) of the Bankruptcy Code as an administrative expense;

  (b)    pursuant to Section 364(c)(1) of the Bankruptcy Code, unsecured credit (including, without limitation, unsecured trade credit) with priority over any or all administrative expenses of the kind specified in Section 503(b) or 507(b) of the Bankruptcy Code; or

  (c)    credit on any basis other than that described in the DIP Loan Agreement.

23.    After considering all of the alternatives, the Debtors have concluded, in the exercise of their business judgment, that the financing to be provided under the terms of the DIP Loan Agreement and this Motion represents the best financing available to the Debtors and is in the best interests of the Debtors, its creditors and other parties in interest.

24.    In conclusion, if the Debtors fail to receive the needed financing, the Debtors and their estates will be irreparably harmed by its failure to pay employees or continue operations.

25.     Good cause has been shown for the entry of an order granting this Motion pursuant to Bankruptcy Rule 4001(c)(2).  In particular, entry of the order is in the best interest of the Debtor and its business and its ability to continue to operate as a going concern.

26.     As set forth in the Motion, the DIP Lender and the Debtors have negotiated the terms and conditions of the DIP Financing in good faith and at arm's-length, and the terms and conditions of the DIP Loan Agreement are fair and reasonable and are supported by reasonably equivalent value.

27.     The Debtors request that this Court find that any credit extended by the DIP Lender pursuant to the terms of the DIP Loan Documents will have been extended in "good faith" (as that term is used in Section 364(e) of the Bankruptcy Code).

## Notice

28.     A copy of this Motion is being sent by (i) the Court's CM/ECF system to the Office of the United States Trustee, and (ii) United States first class mail to the top 20 unsecured creditors of the Debtors (iii) any committee of general unsecured creditors appointed in these Cases, (iv) all parties request service of notice and process under Rule 2002, (v) other parties in interest, including the DIP Lenders, and (vi) certain other parties listed in the Certificate of Service (the "Notice Parties").

29.     Accordingly, the Debtors request that the Court enter an order finding that such notice of this Motion is adequate and sufficient and complies with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.  The Debtor submits that, given the nature of the relief requested herein, no other or further notice need be given.

## Basis for Emergency Relief

30.     The Debtors immediate need to pay payroll and secure operating cash require that the closing take place as soon as possible.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order granting this Motion, authorizing the Debtor to obtain financing and grant liens pursuant to 11 U.S.C. §§ 364(c) in accordance with the terms and conditions of the DIP Loan Documents, and granting such other and further relief as may be just and proper.

Respectfully submitted,
**WASSERMAN, JURISTA & STOLZ, PC**
Counsel to Debtors

By:   _/s/   Donald W. Clarke_          .
Dated:  November 9, 2020                     **DONALD W. CLARKE**

## VERIFICATION

I, THOMAS CANDELARIA, state the following:

1.     I am the President and CEO of each of the above captioned Debtors and as such, I am authorized to make and submit the statements contained herein.

2.     I have reviewed all of the factual assertions contained in this Motion, and I certify under penalty of perjury under the laws of the United States of America that said statements are true and correct.

Dated: November 9, 2020                    _/s/   Thomas Candelaria_          .
                                                        THOMAS CANDELARIA