| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY**<br>Caption in compliance with D.N.J. LBR 9004-1(b) | |
| KASOWITZ BENSON TORRES LLP<br>1633 Broadway<br>New York, New York 10019<br>(212) 506-1700<br>Counsel for Defendant Gerard F. Hug<br>**Attorney Appearing**: Israel J. Atkin, Esq.<br>jatkin@kasowitz.com<br><br>-and-<br><br>WEINER LAW GROUP LLP<br>629 Parsippany Road<br>Parsippany, NJ 07054<br>(973) 403-1100<br>Counsel for Defendant Kurt W. Streams<br>**Attorney Appearing**: Jay R. McDaniel, Esq.<br>jmcdaniel@weiner.law<br><br>WILSON ELSER MOSKOWITZ EDELMAN AND DICKER LLP<br>200 Campus Drive, Fourth Floor<br>Florham Park, NJ 07832-0668<br>(973) 624-0800<br>Bankruptcy Counsel for Defendant Kurt W. Streams<br>**Attorney Appearing**: J. Alex Kress, Esq.<br>alex.kress@wilsonelser.com | |
| In re:<br><br>SITO MOBILE LTD., et al.,<br><br>Debtors. | Chapter 11<br><br>Jointly Administered under<br>Case No. 20-21435 (SLM)<br><br>**Hearing Date**:   May 4, 2021<br>                       at 11:00 a.m. |

**APPLICATION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION OF GERARD F. HUG AND KURT W. STREAMS FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 362(D)(2), FED. R. BANKR. P. 4001, AND D.N.J. LBR 4001-1, PERMITTING ADVANCEMENT OF DEFENSE COSTS FOR FORMER EXECUTIVES**

**GERARD F. HUG** and **KURT W. STREAMS** (together, "*Movants*" or the

"*Former Executives*"), hereby move this Court (the "*Motion*") for the entry of an order,

250834992v.7

pursuant to sections 105 and 362 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), and Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey ("**D.N.J. LBR**"), modifying the automatic stay, to the extent necessary, to permit the advancement of Defense Costs under a Side-A Edge Policy No. 01-423-07-86 issued by National Union Fire Insurance Company of Pittsburgh, Pa. ("**National Union**") to the Former Executives (the "**Policy**"), a copy of which is attached as Exhibit "A" to this Motion,[1] in connection with the civil enforcement action captioned *Securities and Exchange Commission v. Gerard F. Hug, et al.*, Case No. 2:19-cv-1620, filed on August 2, 2019, and pending in the United States District Court for the District of New Jersey (the "**Enforcement Action**"). In support of the Motion, Movants respectfully represent as follows:

## JURISDICTION

1. On October 8, 2020, SITO Mobile Ltd. ("**SITO Mobile**") and two affiliated entities, SITO Mobile Solutions, Inc. ("**SITO Solutions**") and SITO Mobile R&D IP, LLC ("**SITO R&D**" and, together with SITO Mobile and SITO Solutions, collectively, the "**Debtors**"), each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code [ECF #1].

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Policy.

2

250834992v.7

2.　　The Court has jurisdiction over this matter pursuant to 28 *U.S.C.* §§ 157 and 1334.  This is a core proceeding pursuant to 28 *U.S.C.* § 157(b).  Venue is proper pursuant to 28 *U.S.C.* §§ 1408 and 1409.

## BACKGROUND

3.　　On August 2, 2019, the Securities and Exchange Commission commenced the Enforcement Action against Movants, in their capacities as SITO Mobile's former chief executive officer and chief financial officer, respectively.  The Enforcement Action is premised on allegations of fraudulent and undisclosed expense abuse in violation of the federal securities laws and seeks, *inter alia*, disgorgement, interest and the imposition of civil penalties.  The Debtor is not named as a defendant in the Enforcement Action.

4.　　National Union issued the Policy to SITO for the policy period of May 31, 2016 to May 31, 2017.  The Policy is an excess follow form and difference in conditions policy which provides coverage to certain Insured Persons, including the Former Executives ("***D&O Coverage***"), in accordance with its terms and subject to a Limit of Liability of $5,000,000 in excess of the Total Underlying Limits.  No entity is covered in any respect under the Policy.  (See Policy, Ex "A".)

5.　　Prior to the commencement of Debtor's chapter 11 case, the Former Executives provided National Union with notice of the Enforcement Action.  (A copy of a September 23, 2020, letter from counsel to Mr. Hug to National Union's administrator regarding the Enforcement Action is attached as Exhibit "B" to this Motion.)

6.　　Subject to a complete reservation of rights, National Union has agreed to advance Defense Costs incurred by the Former Executives in defending against the

3

Enforcement Action, subject to the entry of an order by this Court permitting the advancement of Defense Costs.

## RELIEF REQUESTED

7. Movants seek the entry of an order modifying the automatic stay, to the extent applicable and necessary, to allow the advancement of Defense Costs incurred, and to be incurred, by them in the Enforcement Action.

8. Bankruptcy Code § 362(d)(1) provides that the Court may modify, condition, or terminate the automatic stay imposed by Bankruptcy Code § 362(a) for "cause." 11 *U.S.C.* § 362(d)(1). Although the Bankruptcy Code does not define "cause," the term is viewed by courts in the Third Circuit as a "broad and flexible concept . . . [and a] bankruptcy court is granted wide discretion to determine whether to lift an automatic stay for cause." *In re Mid-Atl. Handling Sys., LLC*, 304 *B.R.* 111, 130 (Bankr. D.N.J. 2003) (citations and quotations omitted). Further, the Court has general equitable powers, as codified in Bankruptcy Code § 105(a, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code.]." 11 *U.S.C.* § 105(a).

9. In the context of advancing defense costs to directors and officers pursuant to an insurance policy, "[i]t is not uncommon for courts to grant stay relief to allow payment of defense costs or settlement costs to directors and officers, especially when there is no evidence that direct coverage of the debtor will be necessary." *In re Allied Digital Techs., Corp.*, 306 *B.R.* 505, 513 (Bankr. D. Del. 2004); *see also In re Downey Financial Corp.*, 428 *B.R.* 595, 611 (Bankr. D. Del. 2010) (lifting automatic stay to allow insured

4

directors and officers to access policy proceeds even where such proceeds were property of the estate); *In re GB Holdings, Inc.*, 2006 *Westlaw* 4457350, at *1 (Bankr. D.N.J. Sept. 21, 2006) (lifting automatic stay and authorizing payment of debtor's directors and officers defense costs despite finding D&O policy and proceeds were property of debtor's estate).

10. Here, the proceeds of the Policy's D&O Coverage do not constitute property of the Debtor's estate. *See, e.g.*, *In re Allied Digital Techs., Corp.*, 306 *B.R.* at 510 ("when insurance policies provide direct coverage to directors and officers, the proceeds of the insurance policy are not property of the bankruptcy estate because the proceeds are payable to the directors and officers not the estate"); *see also In re: Matter of Vitek, Inc.*, 51 *F.3d* 530, 535 (5th Cir. 1995)("when a debtor corporation owns a liability policy that <u>exclusively</u> covers its directors and officers . . . the proceeds of that D&O policy are not part of the debtor's bankruptcy estate.")(emphasis in original); In *re Louisiana World Exposition, Inc.*, 832 *F.2d* 1391, 1400 (5th Cir. 1987) (where the obligation of the insurance company was only to the directors and officers, "the liability proceeds, which belong to the directors and officers, are not part of the estate"); *In re MF Glob. Holdings Ltd.*, 469 *B.R.* 177, 190 (Bankr. S.D.N.Y. 2012) (same); *In re: Daisy Systems Securities Litigation*, 132 *B.R.* 752, 755 (N.D. Cal. 1991) (when the directors' and officers' liability insurance policy provides direct coverage to the directors and officers the proceeds are not property of the estate); . Accordingly, the automatic stay does not prevent the advancement of Defense Costs to the Former Executives in accordance with and subject to the terms and conditions of the Policy.

250834992v.7

11. Nonetheless, out of an abundance of caution, Movants respectfully request the entry of an order modifying the automatic stay to authorize National Union's advancement of Defense Costs, for which sufficient cause exists.

12. Failure to modify the automatic stay as proposed would substantially harm the Former Executives by frustrating their access to funding necessary to defend and resolve the Enforcement Action, thereby depriving them of bargained-for benefits and protections. *See In re Allied Digital Techs., Corp.,* 306 *B.R.* at 514 ("Without funding, the Individual Defendants will be prevented from conducting a meaningful defense to the Trustee's claims and may suffer substantial and irreparable harm. The directors and officers bargained for this coverage."); *see also In re Laminate Kingdom, LLC*, 2008 *Westlaw* 1766637, at *4 (Bankr. S.D. Fla. Mar. 13, 2008) ("D&O policies are obtained for the protection of individual directors and officers . . . in essence and at its core, a D&O policy remains a safeguard of officer and director interests and not a vehicle for corporate protection.") (quotation and citation omitted); *In re MF Glob. Holdings Ltd.*, 469 *B.R.* at 191-92 (granting relief from stay for cause because directors and officers would suffer harm if prevented from exercising their rights to defense payments under D & O policy).

13. Moreover, counsel for the Movants and the Debtor have conferred and the Debtor has raised no objection to the entry of an order permitting the advancement of Defense Costs to Movants.

14. In light of the foregoing, cause exists to grant relief from, and modify, the stay for the limited purpose of allowing the advancement of Defense Costs to Movants as requested herein.

## WAIVER OF STAY PURSUANT TO BANKRUPTCY RULE 4001(A)(3)

15. Movants further request that the stay of the effectiveness of the Order granting the Defense Costs Motion pursuant to Bankruptcy Rule 4001(a)(3) be waived. First, the Debtors have been apprised of the Defense Costs Motion and have not objected. Further, as set forth above, the Policy only provides coverage to the Former Executives and not the Debtors or any other entity. In addition, the Enforcement Action is proceeding and any further delay in payment of the Defense Costs could prejudice the Movants' defense and resolution of the Enforcement Action.

## CONCLUSION

WHEREFORE, Movants respectfully request that the Court enter an order, substantially in the form submitted herewith, granting this Motion and such other and further relief as is just and proper.

Dated: April 13, 2021

**KASOWITZ BENSON TORRES LLP**
*Counsel for Defendant Gerard F. Hug*

By: __*/s/ Israel J. Atkin*__
Israel J. Atkin, Esq.

**WEINER LAW GROUP LLP**
*Counsel for Defendant Kurt W. Streams*

By: __*/s/ Jay R. McDaniel*__
Jay R. McDaniel, Esq.

-and-

        **WILSON ELSER MOSKOWITZ EDELMAN AND DICKER LLP**
*Bankruptcy Counsel for Defendant Kurt W. Streams*


By:    */s/    J. Alex Kress*
        J. Alex Kress, Esq.

250834992v.7